# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOCARA INVESTMENTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEH JOHHSON, Secretary, Department of Homeland Security, et al., <br><br> Defendants. | Case No. 2:15-cv-00787-JAD-PAL <br><br> **ORDER** <br><br> (Mot. to File Under Seal – ECF No. 39) |

This matter is before the court on Defendants' Motion for Leave to File Certified Administrative Record Electronically and Manually Under Seal (ECF No. 39) (the "Motion"), filed October 14, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

On October 11, 2016, the court entered an Order (ECF No. 38) instructing Defendants to (1) electronically file the administrative record through CM/ECF, and (2) deliver to the chambers of the Honorable Jennifer A. Dorsey, United States District Judge, a copy the administrative record that complies with the Local Rules. In response, the Defendants filed the Motion seeking leave to file under seal a copy of the 1,509-page administrative record, both manually and electronically. Defendants state that the administrative record is being filed under seal based on the sensitive financial and personal information contained throughout the record. Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the court finds that Defendants have met their burden of establishing good cause for the administrative record to remain sealed. However, the Motion itself does not contain sensitive financial or personal information and should not have been filed under seal. A party must file its motion to seal on the *public docket* in CM/ECF without the confidential documents, and then separately file the confidential documents under seal

1

as "Sealed Exhibits" and link the sealed exhibits to its motion to seal.[1]  *See* LR IC 2-2(d).  The Clerk of the Court will be instructed to unseal the Motion.

In addition, the Motion asserts that, because the administrative record is not an exhibit, the record need not be tabbed, indexed, or labeled in any way.  Mot. (ECF No. 39) at 2.  The court disagrees.  An "exhibit" is defined as a "document, record, or other tangible object formally introduced as evidence in court," as well as a "document attached to and made part of a pleading, motion, contract, or other instrument."  Black's Law Dictionary (10th ed. 2014).  The administrative record in this case is provided as evidence of the underlying administrative proceeding; thus, the administrative record is an exhibit and is not exempt from LR IA 10-3.  In particular, LR IA 10-3(i) provides, in relevant part:

> Except as otherwise ordered by the assigned judge, *exhibits in excess of 100 pages must be submitted in a separately bound appendix*. If an appendix exceeds 250 pages, the exhibits must be filed in multiple volumes, with each volume containing no more than 250 pages. The appendix must be *bound on the left and must include a table of contents identifying each exhibit* and, if applicable, the volume number.

*Id*. (emphasis added).  The Motion states that the manually-filed administrative record is "bound at the top pursuant to LR IA 10-1(d)."[2]  The administrative record submitted to the Clerk of the Court in conjunction with the Sealed Notice of Manual Filing (ECF No. 33) was not bound at the top; rather, the large stack of papers was held together by large rubber bands.  The submission clearly violated the Local Rules and was not conducive to the court's review of the 1,509-page administrative record.  *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003)("judges are not like pigs, hunting for truffles buried in briefs").  The Order (ECF No. 38) expressly informed the parties that their "failure to follow the Local Rules of Practice and the

---

[1] If the motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana* without specific references to confidential information.

[2] LR IA 10-1(d) states, "[t]he court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure."  Counsel may have been referring to LR IA 10-1(c), which requires a manually-filed document to be "firmly bound together at the top."  However, the court's Order (ECF No. 38) informed Defendants that manual filing of the administrative record was not sanctioned under the Local Rules. Additionally, as stated in this Order, the administrative record is an exhibit subject to the requirements set forth in LR IA 10-3 and other provisions of the Local Rules.

applicable CM/ECF filing instructions will complicate and delay the court's review of the record." *Id*. Thus, the court instructed Defendants to deliver a rule-compliant copy of the administrative record to Judge Dorsey. *Id*. Defendants shall have until **October 26, 2016**, to comply with this directive.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion for Leave to File Certified Administrative Record Electronically and Manually Under Seal (ECF No. 39) is GRANTED IN PART AND DENIED IN PART.
2. The administrative record attached to the Motion, (ECF Nos. 39-1 to 39-15), shall remain under seal.
3. The Clerk of the Court shall UNSEAL the Motion (ECF No. 39).
4. Defendants shall deliver to Judge Dorsey's chambers a copy the administrative record that fully complies with Local Rule IA 10-3(i) by **October 26, 2016**.

Dated this 19th day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE